## FRENCH *v.* HOPKINS.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted January 30, 1888. — Decided February 6, 1888.

The case is dismissed for want of jurisdiction as the record fails to show, expressly or by implication, that any right, title, privilege, or immunity under the Constitution or laws of the United States was specially set up or claimed in either of the courts below.

The jurisdiction of this court under Rev. Stat. § 709, for the review of the decision of the highest court of a State is not dependent upon the citizenship of the parties.

MOTION TO DISMISS. The case is stated in the opinion of the court.

*Mr. W. M. Stewart* for the motion.

*Mr. J. W. Douglass* and *Mr. C. M. Jennings* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is granted. The record fails to show, either expressly or by implication, that any "right, title, privilege, or immunity," under the Constitution or laws of the United States, was "specially set up or claimed" in either of the courts below. This is fatal to our jurisdiction. *Spies* v. *Illinois,* 123 U. S. 131, 181. The only question below was, whether a sale of mortgaged property under a decree of foreclosure should be set aside because the property had been sold "as a whole and in one parcel," when it was capable of division into parts. The court of original jurisdiction set aside the sale, but the Supreme Court, on appeal, confirmed it, and gave judgment accordingly. In doing this, it was held to be "within the jurisdiction of the court by its judgment to direct that the property should be sold in one or several parcels," and that there was nothing in the statutes of the State to the contrary of this. That was the only decision in the case, and it certainly involved no question of federal law.

Counsel are in error in supposing that our jurisdiction, under § 709 of the Revised Statutes, for the review of a decision of the highest court of a State is dependent at all on the citizenship of the parties. In such cases we look only to the questions involved.

*Dismissed.*