155 U.S. 416
 15 S.Ct. 357
 39 L.Ed. 206
 BOBB et al.
v.
JAMISON et al.
 No. 267.
 December 17, 1894.
 
 This was an action in the nature of a creditors' bill by Dorsey A. Jamison, as administrator of Charles L. Bobb, deceased, and John H. Bobb, against Henry C. Bagot, John C. Letcher, Charles Bobb, and Martha E. Bobb, his wife, brought in the circuit court of the city of St. Louis, Mo. That court rendered a decree for plaintiffs, and defendants appealed therefrom to the supreme court of the state of Missouri, which at that time consisted of five judges, any three of whom constituted a quorum. An amendment to the constitution of the state, subsequently adopted, provided, among other things, as follows:
 'Section 1. The supreme court shall consist of seven judges, and, after the first Monday in January, 1891, shall be divided into two divisions, as follows: One division to consist of four judges of the court and to be known as division number one; the other to consist of the remaining judges and to be known as division number two. The divisions shall sit separately for the hearing and disposition of causes and matters pertaining thereto, and shall have concurrent jurisdiction of all matters and causes in the supreme court, except that division number two shall have exclusive cognizance of all criminal cases pending in said court: provided, that a cause therein may be transferred to the court as provided in section four of this amendment. The division of business of which said divisions have concurrent jurisdiction shall be made as the supreme court may determine. A majority of the judges of a division shall constitute a quorum thereof, and all orders, judgments, and decrees of either division, as to causes and matters pending before it, shall have the force and effect of those of the court.' 'Sec. 4. When the judges of a division are equally divided in opinion in a cause, or when a judge of a division dissents from the opinion therein, or when a federal question is involved, the cause, on the application of the losing party, shall be transferred to the court for its decision; or when a division in which a cause is pending shall so order, the cause shall be transferred to the court for its decision.'
 Laws Mo. 1889, p. 322.
 All provisions of the constitution of the state and all laws thereof not consistent with the amendment were declared rescinded upon its adoption.
 In accordance with the amendment, the supreme court became thereafter composed of seven members (two being added as provided), divided into divisions 1 and 2.
 This cause, with others, was assigned to and heard by division No. 2, and the judgment of the circuit court was affirmed. Jamison v. Bagot, 16 S. W. 697, 106 Mo. 240. After said division No. 2 had announced its judgment, a federal question was for the first time raised in the case, by a motion made by defendant Martha E. Bobb for a rehearing, on the ground, besides others, that the decision of division No. 2 denied to her the equal protection of the laws, and deprived her of her property without due process of law, in contravention of the fourteenth amendment of the constitution of the United States; and at the same time a motion was made by the same defendant to transfer the cause to the full court, on the ground, besides others, that federal questions were involved. These motions were denied, and defendants brought error. The defendants in error moved in this court to dismiss the writ of error or affirm the judgment.
 T. J. Rowe, for the motion.
 Michael Kinealy, opposed.
 Mr. Chief Justice FULLER.
 
 
 1
 The writ of error is dismissed, on the authority of Duncan v. Missouri, 152 U. S. 377, 14 Sup. Ct. 570. and cases cited.
 
 
 2
 Writ of error dismissed.