# EASTERN BUILDING &c. ASSOCIATION *v.* WELLING.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 190. Argued March 11, 1901.—Decided April 8, 1901.

After the Supreme Court of South Carolina had construed the mortgage contract in accord with the claim of the plaintiffs, and gave judgment accordingly, in an application for a rehearing it was set up for the first time that this was in conflict with the Constitution of the United States. *Held,* that this came too late.

The assertion that, although no Federal question was raised below, and although the mind of the state court was not directed to the fact that a right protected by the Constitution of the United States was relied on, nevertheless it is the duty of this court to look into the record, and determine whether the existence of such a claim was not necessarily involved, was unsound, as shown by authority.

THIS action was commenced in the Court of Common Pleas of Darlington County, South Carolina, by Welling and Bonnoitt to recover of the Eastern Building and Loan Association of Syracuse, New York, the penalty provided by the statutes of South Carolina for wrongfully failing to enter in the proper office satisfaction of a mortgage which had been executed by Welling and Bonnoitt to the association.

The controversy presented by the issue joined was whether the mortgage in question secured merely the payment of seventy-eight promissory notes, each maturing monthly, and aggregating $6065.10, or whether in addition such mortgage secured the payment of the dues and assessments upon certain shares of stock in said association which had been subscribed for by Welling and Bonnoitt. The trial court ruled that the mortgage secured only payment of the notes. A judgment entered in favor of the plaintiff upon the verdict of a jury was subsequently affirmed by the Supreme Court of South Carolina. 34 S. E. Rep. 409. Thereupon a writ of error was allowed.

*Mr. William Hepburn Russell* for plaintiff in error. *Mr. William Beverly Winslow* and *Mr. D. A. Pierce* were on his brief.

*Mr. Henry A. M. Smith* for defendants in error.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The Federal questions asserted to be presented by the record are in substance the following:

1. That the Supreme Court of South Carolina, by its decision, refused full faith and credit to public acts of the State of New York;

2. That by such decision the obligation of a contract was impaired; and,

3. That the decision deprived the plaintiff in error of its property without due process of law.

While in various forms, in the trial court, the association in effect claimed that the law of its incorporation formed a part and parcel of the mortgage contract, and that the decisions of the courts of New York respecting the powers and contracts of associations thus incorporated should be given effect, nowhere does it appear that it was claimed that to refuse to concur in the view stated would operate to deny the protection of the Constitution of the United States. The trial court disposed of the case solely upon what it regarded as the plain import of the terms of the contract, irrespective of the laws of New York and the decisions of the New York courts, yet in the numerous exceptions predicated on the rulings of that court there was not contained, either directly or indirectly, any contention that rights of the association protected by the Constitution of the United States had been invaded. It was not until after the Supreme Court of South Carolina construed the mortgage contract in accord with the claim of the plaintiffs, and that court had hence affirmed the judgment of the trial court and remitted the cause to that court, that, in an application for a rehearing, numerous grounds were set forth in which were contained assertions that the adverse decision of the Supreme Court of the State was in conflict with several clauses of the Constitution of the United States. But this came too late. *Bobb* v. *Jamison*, 155 U. S. 416; *Winona & St. Peter Land Co.* v. *Minnesota*, 159 U. S. 540, and cases cited.

The assertion that although no Federal question was raised below, and although the mind of the state court was not directed to the fact that a right protected by the Constitution of the United States was relied upon, nevertheless it is our duty to look into the record and determine whether the existence of such a claim was not necessarily involved, is demonstrated to be unsound by a concluded line of authority. *Spies* v. *Illinois,* 123 U. S. 131, 181; *French* v. *Hopkins,* 124 U. S. 524; *Chappell* v. *Bradshaw,* 128 U. S. 132; *Baldwin* v. *Kansas,* 129 U. S. 52; *Leeper* v. *Texas,* 139 U. S. 462; *Oxley Stave Co.* v. *Butler County,* 166 U. S. 648; *Columbia Water Power Co.* v. *Columbia Street Railway Co.,* 172 U. S. 475.

The error involved in the argument arises from failing to observe that the particular character of Federal right which is here asserted is embraced within those which the statute requires to be " specially set up or claimed." The confusion of thought involved in the proposition relied upon is very clearly pointed out in the authorities to which we have referred, and especially in the latest case cited, *Columbia Water Power Co.* v. *Columbia Street Railway Co., supra.*

*Dismissed for want of jurisdiction.*