## BARRINGTON v. MISSOURI.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 493. Submitted April 8, 1907.—Decided April ,22, 1907.

Although the brief alleges that certain Federal questions were duly raised in the state court and so disposed of as to sustain the jurisdiction of this court, if those questions are wholly without merit, or foreclosed by pre-vious decisions of this court, the writ of error will be dismissed; and *held* that rulings of the state court in a criminal case in regard to change of venue, admission of evidence, and form of indictment were not subject to review in this court and afforded no basis for holding that plaintiff in error was not awarded due process of law.

Article V of Amendments to the Constitution does not operate as a restriction on the powers of the State, but solely upon the Federal Government. *Brown* v. *New Jersey*, 175 U. S. 172.

Under the laws of Missouri the right of accused to the endorsement of names of witnesses on the indictment does not rest on the common law but on state statute, and whether the provisions have been complied with is not a Federal question and the decision of the state court is not open to revision here.

The question of citizenship is immaterial as affecting the jurisdiction of this court under § .709, Rev. Stat. As a general rule aliens are subject to the law of the territory where the crime is committed.

No treaty gives to subjects of Great Britain any different measure of justice than that secured to citizens of this country.

Writ of error to review, 95 S. W. Rep. 235, dismissed.

THE facts are stated in the opinion.

*Mr. William G. Johnson,* for plaintiff in error.

*Mr. Herbert S. Hadley,* Attorney General of the State of Missouri, and *Mr. John Kennish,* Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Plaintiff in error was found guilty of murder in the first degree in the Circuit Court of St. Louis County, Missouri, and, after

motions for new trial and in arrest of judgment were made and overruled, judgment was rendered on the verdict and sentence passed accordingly. The case was carried to the Supreme Court of the State and the judgment was affirmed by Division No. 2 of that court, having appellate jurisdiction of criminal cases. No Federal question was referred to in the opinion of the court. A motion for rehearing was filed, wherein Federal questions were sought to be raised. The court denied the motion without opinion.

Plaintiff in error then moved for the transfer of the cause to the court in banc, setting forth certain Federal questions, and the cause was transferred. The court in banc adopted the opinion of Division No. 2 as its opinion and the judgment was again affirmed. 95 S. W. Rep. 235. A motion for rehearing assuming to raise Federal questions was filed and denied without opinion. This writ of error was thereupon brought and comes before us on motions to dismiss or affirm.

No assignment of errors was returned with the writ as required by § 997 of the Revised Statutes, nor is there in the brief of counsel for plaintiff in error on these motions any specification of errors under Rule 21, but the brief does allege that certain Federal questions were duly raised and so disposed of as to sustain the jurisdiction of this court.

But if these questions are wholly without merit or are no longer open by reason of our previous decisions, it has long been settled that the writ of error should be dismissed.

1. Before the trial of the cause was commenced plaintiff in error applied for a change of venue on the ground of local prejudice.

The application was heard at length, and forty-one witnesses testified in its support and thirty-seven witnesses in opposition thereto; and the trial court decided that prejudice justifying a change of venue had not been made out, and denied the application. It is now contended that the refusal to grant the change of venue deprived plaintiff in error of a fair and impartial trial, to which, under the Federal Constitution, he

was entitled. The state Supreme Court held it to be a well-settled rule of law in Missouri that the granting of a change of venue in a criminal case rested largely in the discretion of the trial court, and that "where the trial court has heard the evidence in favor of and against the application, and a conclusion reached adversely to granting the change, such ruling will not be disturbed by this court, and should not be unless there are circumstances of such a nature as indicates an abuse of the discretion lodged in such court." And the Supreme Court, after a full review of all the testimony, decided that the trial court had acted properly in overruling the application for a change of venue. In our judgment no Federal question was involved. Were this otherwise it would follow that we could decide in any case that the trial court had abused its discretion under the laws of the State of Missouri, although the Supreme Court of that State had held to the contrary.

2. It is also contended that plaintiff in error "set up and claimed that, under the Federal Constitution, as well as under the constitution of Missouri, he could not be compelled to give testimony against himself, and that this exemption and protection were denied to him by the court in permitting to be given in evidence against him alleged extra-judicial admissions extorted from him while under arrest by the police officers of the State." Certain statements made by plaintiff in error, defendant below, were admitted in evidence on the trial, but it does not appear that counsel objected to the introduction of this testimony on the ground that any rights, privileges or immunities of defendant under the Constitution of the United States were thereby violated. Counsel for the State offered in evidence certain articles taken from defendant's trunk, and this was objected to on the ground that they were taken in violation of the state constitution and without defendant's consent. The objection was not passed upon, and the articles were withdrawn. The trunk and its contents were again offered in evidence and objected to, but the objection was based entirely upon the ground of irrelevancy and immateriality

and the fact that a proper foundation had not been laid in the identification of the trunk.

When the State offered in evidence the statements made by defendant following his arrest, the trial court excluded the jury and heard the testimony of the persons present at the time for the purpose of determining the competency thereof. After the examination of a number of witnesses, who detailed fully the circumstances under which the statements were made, counsel objected "because there is no foundation laid for it and because it was [not] voluntary." This objection was overruled and the evidence admitted.

The state Supreme Court held that the trial court in admitting the testimony did not commit error. This notwithstanding the constitution of Missouri provided "That no person shall be compelled to testify against himself in a criminal case." Its ruling upon that proposition is not subject to review in this court.

After the decision of the Supreme Court in banc affirming the judgment, plaintiff in error filed a petition for rehearing which was denied without opinion. The third ground of that motion was as follows: "Because counsel for appellant, through neglect and inadvertence, failed to call the attention of the court to the proposition that the cross-examination of appellant complained of as 'improper,' and the admission as evidence of statements or 'confessions' made by appellant while in the 'sweat box' of the St. Louis police department, was in direct violation of the Constitution of the United States, Article V, amendments to the Constitution of the United States, in that it compelled the appellant to become a witness against himself." The suggestion came too late, and, moreover, Article V of the amendments, alone relied on, does not operate as a "restriction of the powers of the State, but was intended to operate solely upon the Federal Government." *Brown* v. *New Jersey,* 175 U. S. 172. And if, as decided, the admission of this testimony did not violate the rights of the plaintiff in error under the constitution and laws of the State of Missouri, the record

affords no basis for holding that he was not awarded due process of law. *Howard* v. *Fleming*, 191 U. S. 126.

3. Plaintiff in error filed a demurrer to the indictment, one of the grounds of which was: "Because of the inconsistency, multiplicity and repugnancy of said counts, the defendant is being proceeded against in violation of the state and Federal guarantee of due process of law and in violation of his constitutional right to be specifically informed of the nature and cause of the accusation against him." The demurrer was overruled. And also a motion to quash, assigning similar grounds, which was likewise overruled.

These rulings in respect of the sufficiency of the indictment present no Federal question. *Howard.* v. *Fleming*, 191 U. S. 126, 135, and cases cited.

4. After the demurrer and motion to quash had been disposed of, a plea in abatement was filed, averring that the prosecuting attorney intentionally refrained from endorsing the names of certain witnesses on the indictment; that defendant was a native of Great Britain and a subject of the King, and that by virtue of treaties, the law of nations, the laws and Constitution of the United States, and the laws of Missouri, defendant was entitled to know who were the witnesses against him.

A similar point, with like allegations, was made in the motion to quash. The court heard the evidence on the plea in abatement and found the issues against defendant, except that it found that he was a native citizen and subject of Great Britain.

The question of citizenship is immaterial as affecting the jurisdiction of this court under § 709, Rev. Stat. *French* v. *Hopkins*, 124 U. S. 524. Nor are we aware, as Chief Justice Waite said in *Spies* v. *Illinois*, 123 U. S. 131, 182, of any treaty giving to subjects of Great Britain any different measure of justice than secured to citizens of this country. And the general rule of law is that aliens are subject to the law of the territory where the crime is committed. *Wildenhus's Case*, 120 U. S. 1; *Carlisle* v. *United States*, 16 Wall. 147; *People* v. *McLeod*, 1 Hill (N. Y.), 377; Wharton, Conflict of Laws, § 819.

As to the allegation that the prosecuting attorney intention-.ally refrained from endorsing the names of certain witnesses on the indictment in the motion to quash, as well as in the plea in abatement, the state courts held that the charge was not sustained by the evidence.

The right of the accused to the endorsement of names of witnesses does not rest on the common law, but is statutory and provided for in Missouri by § 2517 of the Revised Statutes of 1899, whereby the right of the State to use other witnesses not so endorsed is recognized. The state Supreme Court discussed the matter at length, held there was no error, and added: "Aside from all this it is manifest that the defendant has no right to complain of any prejudicial error upon the action of the court upon this motion. This motion was filed October 6, 1903, and the record discloses upon the showing made upon such motion and plea in abatement that appellant had notice of these additional witnesses which were introduced by the State at the trial. The trial did not occur until the 23d of February, 1904, some three or four months subsequent to the time of which the record discloses that he had notice of these witnesses."

The decision of the Supreme Court that defendant had been tried in accordance with the procedure provided by the statutes of Missouri is not open to revision here in the circumstances.

We have not been astute to apply to these motions the rigor of our rules, and have explored the record with care, but have not found therein any denial of fundamental rights, of due process of law or of the equal protection of the laws. The Federal questions asserted in the brief or suggested by the record are wholly inadequate to justify our interference.

*Writ of error dismissed.*