### HALPERN v. COMMANDING OFFICER OF NATIONAL ARMY AT CAMP UPTON, N. Y.

#### (District Court, E. D. New York. February 27, 1918.)

1. ARMY AND NAVY ☞20—CERTIFICATION INTO SERVICE—ENEMY ALIEN.

Where an alien Austrian, who had first papers, was certified for military service under Selective Draft Act May 18, 1917, c. 15, 40 Stat. 76, prior to the declaration of war with Austria, he is not, as he was subject to the draft at the time certified, entitled to his release on habeas corpus on the ground that the subsequent declaration of war made him an alien enemy.

2. WAR ☞11—ENEMY ALIENS—RESTRAINT.

The discipline or restraint to be exercised over enemy aliens is a matter of treaty or international regulation.

3. ARMY AND NAVY ☞20—SEPARATION OF POWERS—PROVINCE OF COURT.

It is not within the jurisdiction of the courts to disturb the action of the legislative or executive departments in retaining in the military service an Austrian alien with first papers, who after declaration of war with Austria claimed that he became an enemy alien, not subject to military service under the Selective Draft Act.

Habeas Corpus. In the matter of the application of Bernard L. Halpern for writ of habeas corpus against the Commanding Officer of the National Army at Camp Upton, N. Y. Writ dismissed, and relator remanded.

Herman Rosenblum, of New York City, for relator.
Melville J. France, U. S. Atty., of Brooklyn, N. Y., opposed.

CHATFIELD, District Judge. [1] The soldier in this case is an alien, who has first papers, and was within the draft, in every sense, at the time he was certified for service and sent to Camp Upton. But he was born in Austria, and since the declaration of war with Austria he insists that he is no longer subject to the draft.

His discharge on habeas corpus must be denied, for the reason that the method by which he was taken into the army was entirely lawful. The statute provides for discharge of those who should not be retained within the draft. Congress has also authority to legislate for their discharge; but, so long as they are part of the drafted army, they are subject to its laws and regulations and cannot be discharged by a court.

[2, 3] The discipline or restraint exerted over enemy aliens is a matter of treaty or international regulations. It might be that intern-

ment would be best accomplished by retaining enemy aliens in the military system, so long as they were found to be of good behavior; but certainly the court has not the power to determine when the executive or the legislative branch should deem it wise to discharge those who are lawfully within the authority of the military forces.

The writ will be dismissed, and the relator remanded.