## CLAPP v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
April 15, 1927.

No. 7582.

1. Post office ⊗═48(4⅓)—Indictment for using mails to secure money from men seeking employment in filling stations held not defective, as merely charging scheme to sell oils.

Indictment charging use of the mails in scheme to defraud, by securing payment of money from men seeking employment as filling station attendants, under pretense that such payment was necessary, and then refusing employment and making no return for such payment, held not defective as merely charging legitimate scheme to sell oils.

2. Criminal law ⊗═586, 1151—Granting continuance is discretionary, and will not be set aside, in absence of abuse of discretion.

Granting a continuance is within the sound judicial discretion of the trial judge, whose action thereon will not be set aside, in absence of clear showing of abuse of such discretion.

3. Criminal law ⊗═589(1)—Refusing continuance in prosecution because of indorsing witnesses' names on indictment at opening of trial held not erroneous (Comp. St. § 1699).

Refusal of continuance in prosecution for use of mails in scheme to defraud, because government was permitted to indorse names of 17 new witnesses on indictment at opening of trial, held not erroneous, in view of Rev. St. § 1033 (Comp. St. § 1699), requiring furnishing names of witnesses by government only in cases of treason and other capital offenses.

4. Criminal law ⊗═372(1)—Evidence relative to similar transactions held admissible in prosecution for using mails to defraud by collecting money from persons seeking employment in response to advertisement.

In prosecution for use of mails in scheme to defraud, by advertising for men to run and operate filling stations and collecting money for investment in gasoline, which was converted to use of defendant, evidence as to other similar advertisements and experiences of other persons than one named in indictment held admissible.

*Rehearing denied May 25, 1927.

5. Criminal law ⊗═372(1)—Objection that admitting evidence of other similar transactions in prosecution for using mails to defraud tended to vary written agreements with accused held unsound.

Objection in prosecution for use of mails in scheme to defraud, by advertising for men to operate filling stations and converting money collected from them for investment, that admission of evidence as to other similar advertisements and experiences of other persons than one named in indictment tended to vary terms of written agreements with accused held unsound, since suit was not on a written agreement, and agreements were material only as bearing on existence of scheme charged.

6. Criminal law ⊗═1056(1)—Assignment attacking portion of charge cannot be examined, in absence of exception to any part thereof.

Where there is no exception to any part of charge, an assignment attacking one portion thereof canot be examined.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

R. C. Clapp was convicted for using the mails in a scheme to defraud, and he brings error. Affirmed.

A. V. Roberts, of Wichita, Kan. (Benjamin F. Hegler, of Wichita, Kan., on the brief), for plaintiff in error.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before STONE and KENYON, Circuit Judges.

STONE, Circuit Judge. This is a writ of error from a conviction on an indictment charging use of the mails in a scheme to defraud. The scheme, as set forth in the indictment, was as follows:

"That the said R. C. Clapp would cause to be inserted in various newspapers of general circulation within the state of Kansas, and elsewhere, certain advertisements to the effect that he, the said R. C. Clapp would employ men to run and operate gasoline filling stations, the said men thus employed to receive salaries and commissions, it being a part of the said scheme and so stated in the said advertisement, that it would be necessary for those seeking such employment to pay over to the said R. C. Clapp, large sums of money to be invested in gasoline and oils, it being the intention on the part of the said R. C. Clapp, of securing from whomsoever might enter into negotiations with him in response to said advertisements, the said sums of money without giving to them any employment whatso-

ever, or anything whatsoever in return for the said money, but to convert the same to the use and gain of him, the said R. C. Clapp."

The indictment charges that, in execution of this scheme, accused sent through the mails from Wichita, Kansas, to the Topeka Daily Capital, at Topeka, Kansas, a "want advertisement" accompanied with the request to print the same therein.

Ten errors are claimed and argued. For convenience of consideration, several of these may be grouped together. The first contention is a challenge of the jurisdiction of the court. The basis of this challenge is that there is no evidence to show that accused ever wrote, mailed or caused to be mailed the above letter. This is not properly a question of jurisdiction, but of failure of proof. However, failure of proof is sufficiently raised in the request for a peremptory charge at the close of the case, which was denied, excepted to and here urged. We have carefully examined this entire record and the evidence is ample in this and other respects to authorize submission to the jury.

[1] Two contentions attacking the sufficiency of the indictment involve the same matter. It is claimed that the indictment fails because it charges merely a scheme to sell oils, which was entirely legitimate, with no intimation nor proof that such oils were not of good quality and ready for delivery to the purchasers. This criticism overlooks the main part of the charge which was that the scheme was to secure payment of money from men seeking employment as filling station attendants under the pretense that such payment was necessary to procure oil and gasoline and then refusing employment, keeping the money and making no return whatsoever.

[2] Two other contentions involve the same matter. This is that the court erred in refusing a continuance when, at the opening of the trial, it permitted the government to indorse the names of 17 new witnesses upon the indictment. This objection is confined to the refusal to grant a continuance for the reason that accused desired an opportunity to find out what these new witnesses would testify and prepare to meet such testimony. Granting a continuance is within the sound judicial discretion of the trial judge. To set aside such action requires a clear showing of abuse of such discretion. Isaacs v. United States, 159 U. S. 487, 489, 16 S. Ct. 51, 40 L. Ed. 229; Hardy v. United States, 186 U. S. 224, 22 S. Ct. 889, 46 L. Ed. 1137; Callahan v. United States, 195 F. 924, 926 (this court). No such showing was made here. In fact, there was no showing whatever except such as might be

properly inferred from having to meet witnesses concerning whose testimony accused was not advised. In short, the proposition resolves itself into a right to know what that testimony will be, or, more accurately, an opportunity to endeavor to ascertain what such testimony will be before being forced to trial. [3] The purpose of endorsing witnesses upon an indictment or of giving an accused, in advance, a list of such witnesses, is to afford the accused an opportunity to endeavor to ascertain what testimony he will have to meet and to prepare to meet it. Such a right does not rest upon the common law, but must be based upon some statutory requirement. Barrington v. Missouri, 205 U. S. 483, 488, 27 S. Ct. 582, 51 L. Ed. 890. The only federal statutory requirement governing furnishing names of witnesses to an accused is section 1033 of the Revised Statutes (Comp. St. § 1699). That section is limited to treason and "other capital offenses." This court has held in a case (Balliet v. United States, 129 F. 689, 692) for the same offense involved here that there is no such federal statutory requirement except in capital cases and that such indorsement need not be made where only lesser crimes are involved. Also see Shelp v. United States, 81 F. 694, 696 (C. C. A. 9th); Jones v. United States, 162 F. 417, 419 (C. C. A. 9th), certiorari denied 212 U. S. 576, 29 S. Ct. 685, 53 L. Ed. 657; Ball v. United States, 147 F. 32 (C. C. A. 9th); United States v. Williams, Fed. Cas. No. 16,709; United States v. Butler, Fed. Cas. No. 14,700, Chief Justice Waite sitting. It is not error to refuse a continuance because names of witnesses are not so indorsed. United States v. Shive, Fed. Cas. No. 16,278.

[4] Three contentions deal with the introduction of evidence as to other similar advertisements and the experiences of other persons (new witnesses) than the one named in the indictment. The only reasons urged why these other transactions were improper are "that the government had not established jurisdiction of plaintiff in error and had not established his actions or authorized actions as to any publication or transaction going into the mails or coming therefrom, and furthermore, that there is nothing to show a contemplation of the use of the mails by plaintiff in error." We do not mean to intimate that this evidence was improper upon any ground, but it is enough here to say that it was not subject to the above quoted objection.

[5] Another contention as to some of this evidence was that it tended to vary the terms of certain written agreements between accused

and some of the alleged victims. This objection is unsound. This is not a suit upon a written agreement. In fact, the agreements are material only as showing what took place between accused and these parties as bearing on the existence of the scheme charged in the indictment. It was not error to show what these dealings actually were.

[6] An attack is made upon one portion of the charge to the jury. There is no exception to any part of the charge. Therefore, we cannot examine that assignment.

The judgment should be and is affirmed.