## LEONHARD v. ELEY.

No. 3175.

Circuit Court of Appeals, Tenth Circuit.

Oct. 16, 1945.

Malcolm McNaughton, of Leavenworth, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., Frank E. Shaw, Colonel, J. A. G. D., 7th Service Command, Judge Advocate, of Omaha, Neb., Allen R. Browne, Lt. Col., J. A. G. D., Post Judge Advocate, of Kansas City, Mo., and Phil C. Bennett, Major, J. A. G. D., Post Judge Advocate, of Stillwater, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a writ of habeas corpus.

Leonhard, hereinafter called the petitioner, is in the custody of Colonel William S. Eley, Commandant of the United States Disciplinary Barracks, Fort Leavenworth, Kansas. In his application for the writ, petitioner set up these facts: Petitioner was born in Germany, April 14, 1914, and is a citizen of Germany; he came to the United States with his parents when he was about ten years of age and has since resided in the United States; he made application for citizenship under §§ 701 and 702 of the Nationality Act of 1940, 8 U.S.C.A. §§ 1001, 1002, and his petition was denied. Upon the passage of the Alien Registration Act, 1940, 8 U.S.C.A. § 451 et seq., he registered as an alien in Austin, Texas. He set forth in his registration

that he was born in Germany and that he was a citizen of Germany. Upon the passage of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., he registered with his draft board at Fredericksburg, Texas. He was inducted into the Army on October 2, 1941, at Fort Sam Houston, Texas, and has not been discharged therefrom. In February, 1942, in compliance with Presidential Proclamation No. 2537 of January 14, 1942, 7 F. R. p. 329, petitioner again registered at Los Angeles, California, and in his registration declared himself to be a citizen of the Third German Reich.

Petitioner further alleged that because he is a citizen of Germany and an alien enemy, he is not a proper person to be retained in the United States Army; that he has made repeated demands of the proper officials for discharge and for a transfer to an internment camp and that such demands have been denied.

The trial court sustained a motion to dismiss the application for the writ.

The Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 303(a), in part, provides: "Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of eighteen and forty-five at the time fixed for his registration, shall be liable for training and service in the land or naval forces of the United States. * * * That no citizen or subject of any country who has been or who may hereafter be proclaimed by the President to be an alien enemy of the United States shall be inducted for training and service under this Act unless he is acceptable to the land or naval forces."

■■ Aliens residing in the United States, so long as they are permitted by the government to remain therein, are entitled generally, with respect to the rights of person and property and to their civil and criminal responsibility, to the safeguards of the Constitution and to the protection of our laws.[1] However, they may exercise only such political rights as are conferred upon them by law.[2] Their duties and obligations, so long as they reside in the United States, do not differ materially from those of native-born or naturalized citizens. Equally with such citizens, for the rights and privileges they enjoy, they owe allegiance to our country, obedience to our laws, except those immediately relating to citizenship, contribution to the support of our governments, state and national;[3] and in war, they share equally with our citizens the calamities which befall our country; and their services may be required for its defense and their lives may be periled for maintaining its rights and vindicating its honor.[4]

■■ At the time of petitioner's induction, he was not an alien enemy of the United States. He was lawfully inducted into the Army. The provision that an alien enemy should not be inducted for training and service unless acceptable to the land or naval forces is for the protection of the United States and not for the benefit of the alien enemy. No doubt, at any time since the inception of the state of war between the United States and Germany, the military authorities could have discharged him from the Army. Suffice it to say such authorities have not seen fit to do so.[5]

It follows that petitioner was subject to the jurisdiction of the military authorities and was not entitled to the writ.

Affirmed.

[1] Fong Yue Ting v. United States, 149 U.S. 698, 724, 13 S.Ct. 1016, 37 L.Ed. 905; Wong Wing v. United States, 163 U.S. 228, 238, 242, 16 S.Ct. 977, 41 L.Ed. 140; Pocahontas Collieries Co. v. Rukas' Adm'r, 104 Va. 278, 282, 51 S.E. 449.

[2] Taylor v. Carpenter, 23 Fed.Cas.No. 13,785, page 744, 2 Woodb. & M. 1; Commonwealth v. Patsone, 44 Pa.Super. 128, affirmed Commonwealth v. Patsone, 231 Pa. 46, 79 A. 928, affirmed 232 U.S. 138, 34 S.Ct. 281, 58 L.Ed. 539.

[3] Carlisle v. United States, 16 Wall. 147, 154, 21 L.Ed. 426; Barrington v. Missouri, 205 U.S. 483, 487, 27 S.Ct. 582, 51 L.Ed. 890; Storti v. Massachusetts, 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed. 120; People v. McLeod, 1 Hill, N.Y., 377, 37 Am.Dec. 328; Id., 25 Wend. 483, 574, 37 Am.Dec. 328; Thomas v. Gay, 169 U. S. 264, 277, 18 S.Ct. 340, 42 L.Ed. 740; United States v. Wong Kim Ark, 169 U. S. 649, 693, 694, 18 S.Ct. 456, 42 L.Ed. 890; Radich v. Hutchins, 95 U.S. 210, 211, 24 L.Ed. 409.

[4] See In re Wehlitz, 16 Wis. 443, 452, 84 Am.Dec. 700; United States v. Cottingham, 1 Rob., Va., 615, 40 Am.Dec. 710; 2 Am.Jur., Aliens, p. 475, § 26; L.R. A.1918E, p. 1020.

[5] Halpern v. Commanding Officer, D.C. N.Y., 248 F. 1003.