**UNITED STATES v. LAMOTHE.**

No. 121.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1945.

Julien Cornell, of New York City, for appellant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Matthew F. Fagan, Asst. U. S. Atty., both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was tried, convicted and sentenced in the District Court for the Eastern District of New York on an indictment charging his willful failure and neglect to report for induction into the armed forces of the United States as required by the provisions of the Selective Training and Service Act of 1940.

He is a citizen of Haiti, having been born in that country in 1913 of parents who were Haitian citizens and brought by them to the United States in 1915. Since entering the United States he has resided with his parents in the City of New York where he has part of the time been in school and part of the time been earning his living. Since the beginning of the war he has been steadily employed. He has never filed a declaration of intention to become a citizen of the United States, taken an oath of allegiance to this country or in any way assumed allegiance thereto, or relinquished allegiance to Haiti.

The appellant registered under the Selective Service Act on October 16, 1940, and was for a time, without claim on his part, classified IV-C as an alien not subject to induction. On February 28, 1945, he was classified I-A, and after passing his pre-induction physical test, was ordered to report for induction on April 27, 1945. He refused to report and never has done so.

His sole defense at the trial was, and his only ground for reversal now is, the unconstitutionality of § 3 of the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A. Appendix § 303 which in terms applies to "* * * every male citizen of the United States, and every other male person residing in the United States, * * *." The appellant's argument is that, under international law, the obligation to serve in the armed forces of this country arises only from citizenship and cannot be extended to aliens, that this doctrine is a part of our constitution,[1] and, therefore, Congress does not have power to draft appellant. He points out that though the Constitution does not define the extent of

[1] Alexander Hamilton in The Federalist (XXLLL): "The Union ought to be invested with full power to levy troops * * * in the customary and ordinary modes practiced in other governments."

this power of Congress,[2] text writers have recognized, as a desirable policy, and perhaps as a rule of conduct between nations, that aliens be not drafted.[3] Until the 1940 Act, the United States had always followed this rule[4] and the possible inadvisability of the provision of the 1940 Act has been recognized by the Department of State in a letter of April 15, 1941, from the Secretary to the Speaker of the House of Representatives.

We do not find the argument persuasive. Unquestionably the government of the United States is supreme within its territorial limits in respect to the composition and maintaining of its armed forces. See note 2 supra; Restatement, Conflict of Laws § 1. And the mode of exercise of this power is subject to only two limitations: (a) that it is not in conflict with any provision of the Constitution; and (b) that it is authorized by the legislative branch and duly carried into effect by the executive.

 The grant of power in the Constitution to raise and support armed forces is in terms broad enough to include the compulsory service of aliens therein. It can hardly be said that the initial policy of the Congress not to use this power to the full was a "contemporaneous construction" incorporating a current policy rigidly into the framework of our government. The statute and the regulations thereunder[5] are, we think, well within the power granted by the Constitution. Arver v. United States, 245 U.S. 366, 377, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A.1918C, 361, Ann.Cas.1918 B, 856; United States v. Bell, D.C., E.D. N.Y., 248 F. 992, 993, 994; Ex parte Larrucea, D.C., S.D.Cal., 249 F. 981, 983; United States ex rel. Koopowitz v. Finley, D.C., S.D.N.Y., 245 F. 871, 876; see Restatement, Conflict of Laws (1934) §§ 62, 47(1) (a), 78. Whether or not to exercise it is a matter of policy.

Questions of policy are political questions. Hilton v. Guyot, 159 U.S. 113, 163, 16 S.Ct. 139, 40 L.Ed. 95; Oetjen v. Central Leather Co., 246 U.S. 297, 302, 303, 38 S.Ct. 309, 62 L.Ed. 726; Guaranty Trust Co. v. United States, 304 U.S. 126, 137, 139, 58 S.Ct. 785, 82 L.Ed. 1224; cf. United States v. Pink, 315 U.S. 203, 228–231, 62 S.Ct. 552, 86 L.Ed. 796; Fields v. Predionica i Tkanica A.D., 1st Dept., 265 A.D. 132, 139, 37 N.Y.S.2d 874, 881, and political questions are to be resolved by the legislative and executive branches of the government rather than by the courts. Luther v. Borden, 7 How. 1, 12 L.Ed. 581; Texas v. White, 7 Wall. 700, 19 L.Ed. 227; Pacific States T. & T. Co. v. Oregon, 223 U.S. 118, 32 S.Ct. 224, 56 L. Ed. 377; Coleman v. Miller, 307 U.S. 433, 450-455, 459, 59 S.Ct. 972, 83 L.Ed. 1385, 122 A.L.R. 695; see Pound, Law and the State—Jurisprudence and Politics (1944) 57 Harv.L.Rev. 1193, 1196, 1197.

The appellant has been denied no rights guaranteed to him under the due process provisions of the Fifth Amendment and was lawfully required to report for induction. Leonhard v. Eley, 10 Cir., 151 F.2d 409.

Affirmed.

---

2 Art. 1. Section 8: "The Congress shall have Power * * *

"To raise and support Armies * * *

"To provide and maintain a Navy * * *

"To provide for calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions; * * *."

3 Bluntschli, Le Droit Internationale Codifie (Paris, 1895) § 391; Borchard, Diplomatic Protection of Citizens Abroad (1915) 64; Hall, International Law (8th ed.) 57, 58.

4 See IV Moore, Dig. of International Law 52–54, 59, 61; Selective Draft Act of 1917, § 2, 40 Stat. 77, 50 U.S.C.A.Appendix § 202.

5 §§ 611.11 and 611.12 of the Regulations.