HAWTHORNE, Justice
(dissenting in part).
I do not subscribe to the holding in the majority opinion that relator has an immunity from self-incrimination by reason of the fact that criminal charges are pending against him in the United States district court as a result of alleged gambling operations, and that, if he is compelled to answer, his answers might lead to the discovery of evidence which could be used against him in the prosecution of these federal charges.
It must be remembered that this is a proceeding in the state court, and that the questions propounded to relator which he refuses to answer were asked him in an investigation being made by the Orleans Parish grand jury into the offense of public bribery.
I admit that I cannot definitely determine from the majority opinion, when considered with the holdings of the cases therein cited, whether the immunity it says the relator has is granted to him by Article 1, § 11, of the Louisiana Constitution or by the Fifth Amendment to the Constitution of the United States. This is immaterial,, however, because he cannot claim the immunity under either the Louisiana or the federal Constitution.
Apparently the majority holds that- relator is granted the immunity by virtue of the Fifth Amendment of the Constitution of the United States, for in the majority-opinion it is said:
“It must be conceded that the immunity granted by the Constitution of this State is exclusive as to prosecutions before the courts of this State in the violation óf its-laws. It cannot be extended to grant immunity to prosecution before the court of the Federal government in the violation of its laws. Neither can the provision in the State Constitution that the testimony of a witness ‘shall not afterwards be used' against him in any judicial proceedings, * * * be considered sufficient to secure the protection granted a witness- under the Fifth Amendment.”
Again, it is said by the majority in conclusion :
*313 “ * * * Therefore, to have required him [relator] to answer the above stated questions relative to his gambling activities would have been to compel him to give testimony which could be available to the prosecutor and used against relator in the criminal charges then pending before the Federal court, in violation of his constitutional right against self-incrimination, the protection of which is guaranteed by the Fifth Amendment of the Constitution of the United States as herein invoked.” (Italics mine.)
From the above quotations it will be seen that apparently the majority concedes that relator is not granted any immunity by the Louisiana Constitution. However, a review of the decisions of state courts cited and quoted from in the majority opinion[1] will disclose that in those cases the court in each instance was dealing with a provision of the constitution of its state and not with the Fifth Amendment to the federal Constitution.
It is well settled that in a proceeding in a state court a person cannot claim immunity from self-incrimination by virtue of the provisions of the Fifth Amendment to the United States Constitution, for the right to give or to withhold such immunity belongs to the state. Each state has a right to grant immunity to its citizens from being compelled to give testimony that will incriminate them, or to withhold that immunity.
In the landmark case of Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 17, 53 L.Ed. 97, it was said:
“ * * * The defendants contend, in the first place, that the exemption from self-incrimination is one of the privileges and immunities of citizens of the United States which the 14th Amendment forbids the states to abridge. It is not argued that the defendants are protected by that part of the 5th Amendment which provides that ‘no person * * * shall be compelled in any criminal case to be a witness against himself,’ for it is recognized by counsel that, by a long line of decisions, the first ten Amendments are not operative on the states. Barron, [for Use of Tiernan] v. Baltimore, 7 Pet. 243, 8 L.Ed. 672; Spies v. Illinois, 123 U.S. 131, 8 S.Ct. 21, 22, 31 L.Ed. 80; Brown v. New Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119; Barrington v. Missouri, 205 U.S. 483, 27 S.Ct. 582, 51 L.Ed. 890. * * *”
In the Twining case the Supreme Court of the United States said in conclusion:
“ * * * we think that the exemption from compulsory self-incrimination in the courts of the states is not secured by any part of the Federal Constitution.”
*315 See also Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Adamson v. California, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903. Cf. Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408; United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210.
Having concluded that relator cannot claim the provisions of the Fifth Amendment of the federal Constitution as immunity from self-incrimination in a proceeding such as this in a state court, I shall now consider whether any immunity is afforded him by the provisions of our own Constitution. As I have already pointed out, the majority seems to concede that it is not, and I think correctly so.
It is true that Louisiana has granted immunity from self-incrimination by the provisions of Article 1, § 11, of our Constitution, “except as otherwise provided in this Constitution”. The exceptional case in which immunity is not granted in this state is found in Article 19, § 13, of the Louisiana Constitution. This article provides that any person may be compelled to testify in any lawful proceeding against anyone who may be charged with having committed the offense of bribery and shall not be permitted to withhold his testimony on the ground that it may incriminate him or subject him to public infamy. In other words, in a bribery investigation such as this, Article 1, § 11, of our Constitution has no application and affords no immunity to a person who falls within the provisions of Article 19, § 13. Consequently relator, Lionel Andrew Dominguez, is given no immunity under the Constitution of this state, because the grand jury in the instant case was investigating the offense of public bribery, and under the provisions of Article 19, § 13, as I pointed out above, any person may be compelled to testify in any lawful proceeding against anyone charged with bribery and shall not be permitted to withhold his testimony on the ground that it may incriminate him or subject him to public infamy. Our Constitution provides that, although a person cannot withhold such testimony, the testimony shall not afterwards be used against him in any judicial proceeding except for perjury in giving such testimony, and this means only that the testimony cannot be used against him in a judicial proceeding in the state courts, and nothing more.
If in a case such as this a person could claim the provisions of the Fifth Amendment of the federal Constitution as immunity from giving testimony, it would have the effect of striking from our Constitution Article 19, § 13, which says that there is no immunity in a bribery case, and this, of course, is the effect of the majority holding in the instant case.
The majority also cites the case of State ex rel. Doran v. Doran, 215 La. 151, 39 So.2d 894. The holding in that case is not pertinent here, first, for the reason that this court in the Doran case did not hold that the provisions of the Fifth Amend *317 ment of the Constitution of the United States afforded Doran immunity from self-incrimination, and, second, for the reason that Article 19, § 13, of the Louisiana Constitution had no application to the Doran case because no bribery was involved in that case.
I respectfully dissent.

. In People v. DenUyl, 318 Mich. 645, 29 N.W.2d 284, 286, the majority conceded that “the fifth amendment to the Federal Constitution wherein it provides:
‘ * * * nor shall (any person) be compelled in any Criminal Case to be a witness against himself’, does not apply to prosecution under State Laws”.