**STATE of Missouri, Plaintiff-Respondent,**

v.

**Thomas Wilbert REYNOLDS, Defendant-Appellant.**

**No. 35854.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 25, 1975.

---

Theodore F. Schwartz, Ackerman, Schiller & Schwartz, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Frank Kaveney, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

STEWART, Judge.

Defendant by his appeal questions the sufficiency of the evidence to sustain his conviction of robbery in the first degree. We affirm.

The attack upon the judgment requires us to view the evidence most favorably to the State, accepting all substantial evidence and all inferences fairly deducible therefrom which tend to support the verdict. State v. Lee, 492 S.W.2d 28, 30 (Mo.App.1973).

The jury could reasonably find that defendant was one of the first of 15 to 20 persons who rushed into Wehmueller Jewelry Store which is located in Northland Shopping Center in St. Louis County. Individuals in the group wielded stones, a tire tool, slegehammer and motorcycle chain.

Mary Louise Kalt's duties as an employee of the store were to wait on customers and to see that the jewelry was secure. At the time this group of persons came into the store Miss Kalt was at the showcases near the front of the store.

As the group burst into the store those in the front with the weapons shattered the showcases. Miss Kalt, who was frightened by the attack, retreated to the rear of the store. The members of the group grabbed jewelry from the showcases and dashed for the doors.

Joseph Mokwa, an off duty St. Louis police officer, was a customer in the repair department at the time of the occurrence. Upon hearing the commotion he ran to the front of the store to seal off the exit. He apprehended defendant and another. When he first saw the defendant, defendant was scooping jewelry out of a showcase. As Officer Mokwa advanced with his gun drawn defendant dropped the jewelry upon the floor. An inventory revealed a loss of $2,000.00 in jewelry.

The basic elements of the crime charged are the taking of property by violence to the person or by putting the person in fear of some immediate injury to his person. § 560.120 R.S.Mo.1969, V.A.M.S.; State v. Gideon, 453 S.W.2d 938[6] (Mo.1970).

From the cases cited by defendant [1] we glean his contention to be that the State did not prove the latter element of placing the person in charge of the property in immediate fear of injury to his person.

Not only did Miss Kalt testify that she was placed in fear but a jury could reasonably find that the action of 15 to 20 persons converging upon a jewelry store flourishing chains, stones, sledgehammers and tire tools and smashing showcases was calculated to and did engender fear of immediate injury to the person in charge.

It is not necessary that the State prove that defendant personally committed all of the acts constituting the essential elements of the crime. Any form of affirmative participation by the defendant is sufficient to support a conviction. State v. Lee, *supra*. Defendant is liable for what others did as well as for his own actions. State v. Ross, 502 S.W.2d 241, 247, 248 (Mo.1973).

---

1. State v. Adams, 406 S.W.2d 608 (Mo.1966). State v. Vandament, 299 S.W.2d 532 (Mo. 1957).

■ Though no one could identify defendant as one of those who had one of the instruments used to smash the showcases he was one of the first to enter the store with the mob. Defendant was seen taking jewelry from the case.

There was sufficient substantial evidence to support a finding that defendant actively participated with others in the commission of the crime of robbery.. The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.