Thomas Wilbert REYNOLDS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40304.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

William J. Shaw, Public Defender, William B. Haller, Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Robert G. O'Blennis, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Judge.

Movant Thomas Reynolds (hereafter "defendant") has appealed denial of his Rule 27.26 motion whereby he contended his robbery conviction was based on the knowing use of perjured testimony. See *State v. Reynolds*, 521 S.W.2d 486 (Mo.App.1975).

Defendant contends state's witness Officer Joseph Mokowa testified differently at his preliminary hearing than at his trial. At his evidentiary hearing defendant testified that at the preliminary hearing Officer Mokowa had said he "couldn't connect me with anything at the robbery." At trial, the officer testified he did see defendant scooping jewelry out of a case. The alleged discrepancy was vigorously covered by cross examination at trial. It did not mention the officer's alleged preliminary hearing statement about defendant not being connected with the robbery. Instead, trial cross examination of the officer concerned whether the officer had earlier testified he had seen defendant put his hand in the jewelry case, or merely had seen him taking jewelry out of the case.

We have examined the transcripts of both the trial and the Rule 27.26 motion and evidentiary hearing. We have considered the record in the light of *Tyler v. State*, 501 S.W.2d 189[1–4] (Mo.App. 1973), and conclude defendant has failed to meet his three-pronged burden: First, since mere variations in testimony are not perjurious *per se*, defendant has not, as he must, shown the challenged testimony was deliberately false. Second, he has not clearly shown that at trial the prosecuting attorney knew of the alleged discrepancy. Third, since there was a robbery and the charge was that defendant acted in concert with others in committing it, defendant has failed to show his conviction was the direct result of the allegedly false testimony.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.