THE STATE *ex rel.* AMES V. BARCLAY, *Judge, et al.*

1. **Execution Debtor:** EXAMINATION OF TO DISCOVER PROPERTY : STATUTE. In an examination of an execution debtor, under Revised Statutes, section 2410, *et seq.*, to discover his assets, he can be required to disclose, not only that he has property, but where and in whose possession it is, and the terms upon which it is held.

2. ——— : ———. The debtor cannot discontinue such examination by disclosing only so much property as he deems sufficient to satisfy the judgment.

3. ——— : ——— : IMPRISONMENT FOR DEBT. The provisions of the statute authorizing such examination of an execution debtor are not repugnant to the clause of the constitution inhibiting imprisonment for debt.

4. ——— : REFEREE: CONTEMPT. The referee appointed to conduct the examination has authority to commit the execution debtor for contempt where he refuses to answer proper questions.

5. ——— : ——— : ———. The fact that the debtor was a grand juror at the time of the examination does not exempt him from the operation of the statute, he having appeared and submitted to such examination, and without having made any such suggestion, until after he refused to answer the questions on other grounds.

*Prohibition.*

WRIT DENIED.

*H. J. Grover* and *I. T. Wise* for petitioner.

(1) The questions which Henry Ames refused to answer before the referee were irrelevant and immaterial to the purpose for which the law permitted the examination to be ordered, and Henry Ames had a legal right to refuse to answer them. (2) The statute in question in this case must be subjected to a strict construction. Its means and end cannot be expanded or added to by favorable implication or presumption. Dwarris on Statutes, 259; *Webber v. Hobbie*, 13 N. Y. Pr. Rep. 833; *Fowler v. St. Joseph*, 37 Mo. 228; *Ex parte Donaldson*, 44 Mo. 149. (3) The construction put upon the statute by the creditor is within the inhibition of the constitution abolishing imprisonment for debt. *Coughlin v. Ehlert*, 39 Mo. 283.

*Dyer, Lee & Ellis* for respondent White.

The purpose of the statute is to enable the judgment creditor to compel the judgment debtor to disclose the whereabouts of his property so that it may be reached by an execution to satisfy the judgment that has been recovered in the case. All inquiries tending to promote this object and to assist in this discovery are permissible. Freeman on Executions, sec. 404-5.

BLACK, J.—Judgment was recovered against Henry Ames for some six hundred dollars, execution was issued thereon and returned *nulla bona*. The judgment creditor, in due form, applied to the St. Louis circuit court for an order for the examination of Ames, touching his means and ability to pay the judgment, under sections 2410 to 2411, Revised Statutes. Mr. White was appointed referee, under section 2411, to conduct the examination and report the evidence. Ames disclosed real property situate in Franklin and Washington counties.

He, also, stated that he owned personal property to a large amount, consisting of cash, bonds, etc., but he declined to state where his personal property was situate, or in whose possession it was. The referee reported to the court and was by the court directed to proceed with the examination and require the relator to answer the questions relative to the location of the personal property. Ames again declined to answer the questions. The referee was about to commit him for contempt, when this writ was applied for, directed to the judge and referee.

1. One ground assigned why the questions should not be answered is that they are irrelevant to a proper examination. The order, which the law authorizes the court to make and which was made, is that the party "undergo an examination touching his ability and means to pay and discharge said judgment." It becomes the duty of the court, on the evidence reported, to determine whether the debtor has and owns property, real, personal or mixed, which ought to be applied to the payment, in whole, or in part, of said judgment, and as to this the court is required to give an opinion in writing. The evident purpose of this whole examination is to determine whether the debtor has property which may be taken in execution. In determining this question the court has a right to be informed, not only that there is property, but where it is and in whose possession it is, and the terms upon which it is held. *Lothrop v. Clapp*, 40 N. Y. 330.

2. Nor does the fact that the relator disclosed real estate in different counties from that where the judgment was entered put an end to all further inquiry. The creditor, it is true, may have executions to different counties, but he is not bound to take them out. If the lands were in the same county it would be the duty of the officer having the execution to determine, in the first instance, whether the property which the creditor elects

to have sold was sufficient. The execution, having been returned unsatisfied, the court had the right to make a full and complete inquiry with respect to the debtor's means to discharge the judgment. It was not bound to stop when the creditor thought he had disclosed sufficient property. The creditor had the power to stop the investigation by paying the debt. He admits having ample means so to do, but declined to answer as to its location. This he may not do.

3. The further objection, that to commit the relator for refusal to answer the questions is to imprison him for non-payment of a debt, is without merit. Imprisonment for debt is prohibited by the constitution of this state. The statute in question does not go so far as to authorize the court to make an order on the debtor to turn over property to the officer, as is the law in many states. There is however no effort here to take the relator's body in execution for non-payment of debt. The court may examine him as to his means and property, and his refusal to answer proper questions is a clear contempt of court. It is for this, and this alone, he is about to be committed. That there is no imprisonment for debt here, is the clear logic of *Roberts v. Stoner*, 18 Mo. 481; *Coughlin v. Ehlert*, 39 Mo. 285; *Crenshaw's case*, 80 Mo. 447. Nor do we entertain any doubt as to the power of the referee to commit. The parties are examined as witnesses and their testimony is reported to the court as evidence. Secs. 2411, 2412, R. S. We see no reason why the party to be examined is not liable to be committed for contempt as any other witness. Sec. 4027. Nor why the referee here appointed is not a referee appointed in pursuance of "any order of reference" (sec. 3608), upon whom ample power to commit for contempt is conferred.

4. So far as the point raised, that the relator was a grand juror at the time of the examination, is concerned, it is enough to say that he appeared and submitted to

the examination without making any such suggestion until he refused to answer the questions on other grounds. He went into the examination and must submit to a full and fair investigation. Practically, the only question here is, whether the statute with respect to these supplemental proceedings is to be regarded as a dead letter or entitled to be respected. We are of the opinion the statute violates no provision of the constitution and it ought to be enforced. The writ of prohibition is denied. Sherwood and Ray, JJ., dissent. The other judges concur.