THE STATE EX REL. GEORGE W. STRODTMAN v. GEORGE F. HAID ET AL., Judges of St. Louis Court of Appeals.—30 S. W. (2d) 466.

Division One, July 9, 1930.

*Taylor R. Young* and *John C. Vogel* for relator.

*George T. Priest* for respondent.

RAGLAND, J.—Certiorari. In this proceeding relator seeks to have quashed the opinion and judgment of the St. Louis Court of Appeals in a certain cause entitled Ex parte Frederick Meyer, on the ground that the ruling of the court therein is in conflict with the decisions of this court. The opinion follows:

"One Z. B. Shelton obtained a final judgment in the circuit court against Frederick Meyer for $2340. From this judgment no appeal was taken. In due course Shelton sued out an execution against Meyer, which was returned *nulla bona*. Shelton then, in accordance with Sections 1679, 1680 and 1681, Revised Statutes 1919, filed an affidavit in the circuit court for the examination of Meyer touching his means and ability to pay the judgment, in accordance with the provisions of the above sections of the statute.

"The affidavit alleged, among other things, that affiant had reasonable grounds to believe, and did believe, that Meyer had property subject to execution to pay the judgment, but that prior to the date of said judgment he had conveyed said property with a design to hinder, defraud or delay his creditors.

"When Meyer appeared in court and was sworn and after answering questions as to his name and that he was the defendant in the suit referred to, in which Shelton had obtained a judgment against him, he refused to answer the following questions:

" 'Mr. Meyer, do you own any property?

" 'Have you transferred within the last year any property, real or personal?

" 'Have you any moneys on deposit in any bank?

" 'Do you carry any money that rightfully belongs to you, in your wife's name, or in the name of any other person or corporation besides your own?

" 'Do you own or hold any property, either real or personal?'

"Meyer refused to answer these questions upon the ground that the answers to the questions might tend to incriminate him, because the application under which these proceedings were had charged him

with having conveyed his property with the intention and purpose of hindering, defrauding and delaying his creditors, and that, under the provisions of Article II, Section 23, of the Constitution of Missouri, he could not be compelled to answer these questions. Upon his refusal to answer the questions he was committed to jail for contempt of court. He then brings this proceeding in habeas corpus, asking for his discharge from the custody of the Sheriff. [Section 3346, Revised Statutes 1919, is here quoted.]

"If the petitioner conveyed his property with the design to hinder, delay and defraud his creditors he would be guilty of a misdemeanor under this action and subject to punishment for such misdemeanor by not exceeding one year in the county jail or by a fine not exceeding $500, or by both such fine and imprisonment. We are of the opinion that the petitioner was clearly within his rights in refusing to answer these questions, and especially the question as to whether or not he had transferred within the last year any property, real or personal.

"The courts of this State have always followed the rule laid down by Chief Justice MARSHALL of the Supreme Court of the United States, that if an answer to the questions propounded may disclose a fact which forms a necessary and essential link in a chain of testimony which would convict the party testifying of any crime, he is not bound to answer it, and that the witness himself must judge what his answer will be, and if he says under oath that he cannot answer without incriminating himself, he cannot be compelled to do so; and while the court may judge whether a direct answer would furnish any matter for conviction, yet the court certainly cannot say, as a matter of law, that answers to these questions would not tend to incriminate the witness. [Ex Parte Creasy, 243 Mo. 679, 148 S. W. 914; Ex Parte Gauss, 223 Mo. 277, 122 S. W. 741; State v. Faulkner, 175 Mo. 546, 75 S. W. 116.]

"Counsel for Shelton insists in this court that to hold that the petitioner cannot be compelled to answer these questions will, in effect, destroy the provisions of Sections 1679, 1680 and 1681, above referred to, and refers to and relies upon the case of State ex rel. Ames v. Barclay, 86 Mo. 55, in which the court compelled the witness to answer the questions propounded to him, under the provisions of the above-named statute. It will be observed in that case that nowhere nor at any time did the witness refuse to answer the questions upon the ground that to answer such questions would incriminate him, or tend to incriminate him, and, for that reason, it is not controlling here.

"We think the witness was clearly within his rights in refusing to answer the questions and he is accordingly discharged."

The proceeding in the circuit court which culminated in the imprisonment of Meyer for contempt was had, as stated in the opinion, under Sections 1679 and 1680, Revised Statutes 1919. Section 1679

provides: "Whenever an execution against the property of any judgment debtor . . . shall be returned unsatisfied, . . . the judgment creditor in such execution . . . may . . . be entitled to an order by the court . . . rendering such judgment requiring the judgment debtor to appear before such court . . . to undergo an examination under oath touching his ability and means to satisfy said judgment, . . ."

Section 1680 provides that such an order shall issue only when it is made to appear by affidavit or other evidence satisfactory to the court "that there is reasonable ground to believe that such judgment debtor has property subject to execution, or has conveyed or attempted to convey his property, with a design to defraud, hinder or delay his creditors."

The order of the circuit court in the proceeding under review was based on the following allegations contained in an affidavit filed under and pursuant to the provisions of said Section 1680:

"Affiant states that he has reasonable ground to believe and does believe that the defendant debtor has property subject to execution and of sufficient amount over and above his exemptions to pay said judgment, but that the defendant prior to the date of said judgment has conveyed said property with a design to hinder, defraud or delay his creditors."

It thus plainly appears that the judgment debtor was charged with having conveyed his property "with a design to defraud, hinder or delay his creditors," and whether he had done that was the subject of the inquiry—the matter with respect to which he was required to undergo an examination under oath. If he had conveyed his property with such a design or intent, he was guilty of a misdemeanor. [See Sec. 3346, R. S. 1919, and State v. Bragg, 63 Mo. App. 22.] In its final analysis, therefore, the subject-matter of the inquiry was whether the judgment debtor had committed a crime.

Direct answers to the questions propounded to the judgment debtor, and which he refused to answer, would not of themselves furnish any matter of conviction, but it cannot be said that they would not be links in a chain of testimony that would be sufficient to convict him. In Ex Parte Gauss, 223 Mo. 277, 285, this court quoted approvingly from People v. Mather, in 4 Wend. at page 252, as follows:

"Where the disclosures he may make can be used against him to procure his conviction for a criminal offense, or to charge him with penalties and forfeitures, he may stop answering before he arrives at the question, the answer of which may show directly his moral turpitude. The witness who knows what the court does not know, and what he cannot communicate without being a self-accuser, is to judge of the effect of his answer, and if it proves a link in the chain of testimony, which is sufficient to convict him, when the others are made known, of a crime, he is protected by law from answering the question.

If there be a series of questions, the answer to all of which would establish his criminality, the party cannot pick out a particular one and say, if that be put, the answer will not criminate him. 'If it is one step having a tendency to criminate him, he is not compelled to answer.' " [See also State ex rel. v. Hardware Co., 109 Mo. 118, 18 S. W. 1125.]

None of the subsequent decisions of this court, including Ex Parte Kneedler, 243 Mo. 632, cited by relator, is out of harmony with the views expressed in Ex Parte Gauss, supra.

What we have written is little more than a paraphrase of the opinion of the Court of Appeals. We find in that opinion no ruling in conflict with controlling decisions of this court; and we are constrained to add that the conclusion it reaches on the record facts seem inescapable, if our own decisions are sound.

Our writ was improvidently issued: it is accordingly quashed. All concur.