STATE ex rel. Harry J. NORTH, Relator,

v.

J. Marcus KIRTLEY, Judge of the Circuit Court of Jackson County, Missouri, Respondent.

No. 47338.

Supreme Court of Missouri,

En Banc.

Sept. 14, 1959.

Thomas M. Brandom, William S. Brandom, Stanley W. Baker, Kansas City, for relator.

Donald G. Stubbs, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

STORCKMAN, Judge.

This is an original proceeding in prohibition. The relator seeks to prevent the respondent circuit judge from committing him because of his refusal to testify during a hearing in circuit court.

Jesse Cole obtained a judgment for $4,169.60 against the relator Harry J. North in the Circuit Court of Jackson County. An execution was returned unsatisfied and the judgment creditor sought to examine the relator under oath touching his ability and means to satisfy the judgment in accordance with provisions of Sections 513.-380-513.405 RSMo 1949, V.A.M.S. During the course of the examination this question was asked and this answer given: "Q. Do you now own some property, Mr. North, which is located at 'O' and Kentucky or 71 Highway and Kentucky? A. I refuse to answer that on the grounds it may incriminate me." Upon relator's continued refusal, the respondent declared his intention to commit the relator but deferred doing so until his jurisdiction to do so could be determined.

The relator bases his refusal to answer upon § 19, Art. I, Constitution of Missouri 1945, V.A.M.S., which, insofar as material here, provides: "That no person shall be compelled to testify against himself in a criminal cause, * * *." The relator asserts that the motion of the judgment creditor for the examination is in effect a charge of fraudulent conveyance of his property which is made a misdemeanor by Section 561.550 RSMo 1949, V.A.M.S.

The primary contention of the respondent is that the constitutional privilege against self-incrimination is not applicable because the statutory provision for the examination of a judgment debtor under oath is a civil proceeding. He relies on State ex rel. Sweezer v. Green, 360 Mo. 1249, 232 S.W. 2d 897, 24 A.L.R.2d 340, a decision by the court en banc, which states, 232 S.W.2d 902(13): "The constitutional provision * * *, Sec. 19 of Article I, applies only to a criminal cause." This statement is too restrictive and is out of harmony with the decisions of this and other jurisdictions. See generally 98 C.J.S. Witnesses § 433, pp. 244–245, 58 Am.Jur. 49, Witnesses § 45, and 8 Wigmore on Evidence, 3d Ed., § 2252, p. 324.

This state has frequently recognized that the constitutional privilege against self-incrimination is available to a witness before any tribunal and in any proceeding. State v. Topel, Mo.App., 322 S. W.2d 160, the hearing of a claim before the Workmen's Compensation Commission; Franklin v. Franklin, 365 Mo. 442, 283 S.

W.2d 483, 485(4), a divorce action; State v. Dowling, 348 Mo. 589, 154 S.W.2d 749, 755(11), proceedings before trial of a criminal case; State ex rel. Strodtman v. Haid, 325 Mo. 1137, 30 S.W.2d 466, examination of a judgment debtor under oath; State v. Blackburn, 273 Mo. 469, 201 S.W. 96, 99–100(4), a coroner's inquest. The Franklin case, supra, a later decision by the court en banc, recognized that the privilege against self-incrimination was available in a civil case but did not refer to the Sweezer case. Insofar as the Sweezer case limits the availability of the plea of privilege against self-incrimination to a strictly "criminal cause", as distinguished from a civil proceeding, it is disapproved.

■ The relator relies upon the decision of this court in State ex rel. Strodtman v. Haid, 325 Mo. 1137, 30 S.W.2d 466, which was a review by certiorari of Ex parte Meyer, Mo.App., 18 S.W.2d 560, a decision by the St. Louis Court of Appeals. This court upheld the decision of the court of appeals which had approved the refusal of a judgment debtor to testify in an examination proceeding under these same statutes. The effect of these decisions was that a witness, who claims his constitutional privilege against self-incrimination cannot be compelled to answer a question that may disclose a fact which forms a necessary and essential link in a chain of testimony which would convict the party testifying of a crime.

The respondent contends, regardless of the Strodtman case, that the relator should be required to answer because Section 491.-080 RSMo 1949, V.A.M.S., affords the relator immunity from a prosecution for the fraudulent conveyance of property, a misdemeanor under section 561.550. Section 491.080, then § 5416, RSMo 1949, V.A.M.S., was not considered or mentioned in the opinions of the court of appeals or the supreme court. The records of this court disclose that the statute was not called to the attention of the supreme court until after the case had been argued and sub-

mitted. Its consideration by the supreme court was opposed by the judgment debtor because it had not been presented to or ruled by the St. Louis Court of Appeals and because the only question involved in the certiorari proceeding was whether the court of appeals had failed to follow controlling decisions of the supreme court and not the correctness of its decision. The Strodtman opinion in its opening paragraph states that the relator seeks to have the opinion of the court of appeals quashed on the ground that the ruling "is in conflict with the decisions of this court" and concludes with the finding that the ruling of the court of appeals is not "in conflict with controlling decisions of this court" and that "the conclusion it reaches on the record facts seems inescapable, if our decisions are sound." Since section 491.080 was not properly presented in either the court of appeals or the supreme court, the effect of the immunity statute and its applicability to the facts was not determined. So far as we have been able to discover, section 491.080 had not then and up to this time has not been construed by the supreme court. See State v. Marion, 235 Mo. 359, 138 S.W. 491, 497.

Granting legislative immunity to witnesses in exchange for the release of the witness' privilege against self-incrimination has become a common practice in state and federal governments. Missouri has no general immunity statute but has several special ones to some of which we shall refer.

■ The Fifth Amendment of the United States Constitution, including the privilege against self-incrimination, pertains only to the federal government and does not limit the powers of the states. Adamson v. People of State of California, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed.1903, 171 A.L.R. 1223; Barrington v. State of Missouri, 205 U.S. 483, 27 S.Ct. 582, 51 L.Ed. 890. Nevertheless, decisions of the Supreme Court of the United States with regard to immunity statutes, as well as the constitutional

guaranty against enforced disclosures, have been quite persuasive on state courts. This inclination is evident in the Missouri decisions.

In Ex parte Buskett, 1891, 106 Mo. 602, 17 S.W. 753, 754, 14 L.R.A. 407, this court held that a witness before a grand jury could be compelled to disclose the names of those other than himself he had seen gambling because an immunity statute which provided that "the testimony which may be given by such person shall in no case be used against him" afforded the witness protection coextensive with that intended to be furnished by the Constitution. However, the Buskett case was closely followed by the decision of the United States Supreme Court in Counselman v. Hitchcock, 1892, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110. The Counselman case arose out of the investigation by a grand jury of alleged violations of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq. The witness Counselman declined to answer certain questions on the ground the answers might tend to incriminate him. The government contended he was not entitled to claim the constitutional privilege against self-incrimination because of the immunity statute, § 860 of the Revised Statutes of the United States, which provided: "No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture: *Provided,* That this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid." The Supreme Court held the statute was insufficient to supplant the constitutional privilege against compulsory self-incrimination stating, 142 U.S. 585–586, 12 S.Ct. 206: "We are clearly of opinion that no statute which leaves the party or witness subject to prosecution after he answers the criminating question put to him can have the effect of supplanting the privilege conferred by the constitution of the United States. Section 860 of the Revised Statutes does not supply a complete protection from all the perils against which the constitutional prohibition was designed to guard, and is not a full substitute for that prohibition. In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offence to which the question relates. * * *. Section 860, moreover, affords no protection against that use of compelled testimony which consists in gaining therefrom a knowledge of the details of a crime, and of sources of information which may supply other means of convicting the witness or party."

Ex parte Carter, 166 Mo. 604, 66 S.W. 540, 57 L.R.A. 654, decided in 1902, discussed and approved the Counselman case as well as decisions from other state jurisdictions. The opinion makes these observations with respect to the constitutional provisions and immunity statutes: "As [the] manifest purpose of the constitutional provisions, both of the States and of the United States, is to prohibit the compelling of testimony of a self-criminating kind from a party or a witness, the liberal construction which must be placed on constitutional provisions for the protection of personal rights, would seem to require that the constitutional guaranties, however differently worded, should have as far as possible the same interpretation.

It is a reasonable construction of the constitutional provision, that the witness is protected from being compelled to disclose the circumstances of his offense, or the sources from which, or the means by which, evidence of its commission, or of his connection with it, may be obtained, or made effectual for his conviction, without using his answers as direct admissions against him.

No statute which leaves the party or witness subject to prosecution, after he answers the criminating question put to him, can

have the effect of supplanting the privilege conferred by the constitution.

In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates, * * *." 166 Mo. 613–614.[1] The Carter case did not mention the Buskett case but reached a directly opposite conclusion in construing the same constitutional and statutory provisions. The Carter case is in good standing and Buskett must be regarded as overruled by it.

The immunity statute here involved, section 491.080, appears in the General Statutes of Missouri of 1865, p. 587, Ch. 144, § 6. Then as now it reads as follows:

"Whenever any person shall testify, either as a party or as a witness, in any suit or proceedings now or hereafter pending, the testimony of such person shall not be used as evidence to prove any fact in any suit or prosecution against such person for any penalty for violation of any law in relation to fraudulent conveyance of property."

■ Two exhaustive annotations on the adequacy of immunity offered as a condition of denial of the privilege against self-incrimination appear in 118 A.L.R. 602 and 53 A.L.R.2d 1030. What is said to be the better view, with which we agree, is that: "* * * a constitutional provision against compulsory self-incrimination is not satisfied by a statute requiring a person to testify or give evidence, where the only immunity offered in lieu of the constitutional privilege is that the testimony or evidence so produced shall not thereafter be used in evidence against him." 118 A.L.R. 602, 605. The Carter case supports this statement.

■ Obviously, section 491.080 is not as broad as the constitutional guaranty. Two shortcomings readily appear. First, the only immunity offered is that "the testimony of such person shall not be used as evidence to prove any fact in any suit or

1. 66 S.W. 544,

prosecution against such person." This falls short of rendering ineffectual the use of the witness' testimony as a means of discovering independent evidence on which a prosecution could be based.

Secondly, the statute restricts the immunity to suits or prosecutions "for any penalty for violation of any law *in relation to fraudulent conveyance of property."* Italics added. There is no limitation upon the use of the testimony of the witness as evidence in some other criminal prosecution. Thus, it does not "afford absolute immunity" as prescribed by the decisions to which we adhere.

Immunity statutes have been held valid in the Missouri cases of State ex inf. Hadley v. Standard Oil Co., 218 Mo. 1, 116 S.W. 902, 1017(20), and State ex rel. Jones v. Mallinckrodt Chemical Works, 249 Mo. 702, 156 S.W. 967, 977(13), and the federal decisions of Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819, and Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511. However, the principles announced in the landmark case of Counselman v. Hitchcock have not been disturbed.

A comparison with immunity statutes enacted in recent years further demonstrates the deficiencies of section 491.080. For example, section 136.100, relating to investigations by the collector of revenue provides: "* * * no person shall be prosecuted or subjected to any criminal penalty for or on account of any transaction made or thing concerning which he may be compelled to testify or produce evidence, documentary or otherwise, before the state collector of revenue or his agent. No person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying."

For other Missouri immunity statutes generally in accord with section 136.100 see the following: Section 73.840, dealing with investigations or inquiries by public utility commissions in cities; Section 129.-190, relating to the investigation of corrupt

electoral practices; Section 144.340, regarding investigation under the Sales Tax Act; Section 288.230, subd. 2, regarding investigations under the Employment Security Act; Section 330.175, subd. 3, dealing with the practice of chiropody; Section 386.470, relating to investigations by the public service commission; and sections 416.230, 416.330, and 416.400, dealing with monopolies, discriminations and conspiracies.

Section 491.080 is inadequate in that it does not afford the protection against compulsory self-incrimination contemplated by Art. I, § 19, of our Constitution. Therefore, the judgment debtor cannot be required to forgo his reliance upon the constitutional guaranty. The provisional rule in prohibition is made absolute.

All concur.