**UNITED STATES of America,**
**Plaintiff,**

v.

**Homer L. SMITH, Defendant.**

**Civ. A. No. 15735–3.**

United States District Court,
W. D. Missouri, W. D.

March 25, 1970.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Guy G. Rice, Phillips, Rice & McElligott, Independence, Mo., for defendant.

**ORDER DENYING PLAINTIFF'S "APPLICATION FOR ORDER TO COMPEL ANSWERS TO QUESTIONS PROPOUNDED ON ORAL DEPOSITION."**

WILLIAM H. BECKER, Chief Judge.

Plaintiff obtained a judgment against the defendant herein in the amount of $2,888.07 on September 6, 1966. Thereafter, supplementary proceedings were instituted by plaintiff to aid in the execution of the judgment. In the course thereof, on January 23, 1970, a notice to take depositions was filed and copies were mailed to Homer L. Smith and

Edna L. Smith, his wife, and subpoenas were served on them. The depositions thereafter were taken on February 16, 1970. During the deposition, Edna L. Smith declined to answer certain questions. Plaintiff now applies for an order to compel answers, stating the following:

(1) "Edna L. Smith declined to state whether the defendant worked for her, on the grounds that her answer would tend to incriminate her, and on the additional ground that 'it is a privileged communication between my husband and myself.' "

(2) "When asked whether she owned any interest in their residence she again invoked the Fifth Amendment and further asserted the answer is a privileged communication between her husband and herself.

(3) "She refused to state whether her husband had transferred to her any bank accounts, any personal property, any credit union accounts, any jewelry or clothing or any articles of any value.

"Mrs. Smith claimed that an answer to the question would incriminate her, and further claimed the answer was a privileged communication."

■ Plaintiff contends that the privilege against self-incrimination is inapplicable in all three instances because Mrs. Smith testified "that she operated a business known as Play-Acres, which she described as a used furniture and antique shop * * *. Clearly the answer to the question could not incriminate her. She has no reasonable cause to apprehend danger of criminal prosecution from a direct answer, nor is the answer a privileged communication between her husband and herself." The answers, however, may clearly establish a pattern whereby certain realty and personalty were transferred to Mrs. Smith, perhaps in title only, for the purpose of defeating creditors, including the plaintiff in this case. Thus, direct answers to any of these questions could establish violations or could tend to establish violations of Section 561.550 RSMo, which makes it a misdemeanor to be a party to any fraudulent transfer of property "to hinder, delay or defraud creditors or other persons." The danger of self-incrimination by means of answering these questions thus appears to be possibly imminent and real. It is well established that the privilege against self-incrimination extends not only to answers which would, in themselves, support a conviction under a federal criminal statute, but also includes answers which would furnish a link in the chain of evidence needed to prosecute the claimant. United States v. Llanes (C.A.2) 398 F.2d 880, cert. den. 393 U.S. 1032, 89 S.Ct. 647, 21 L.Ed.2d 576; United States v. Chandler (C.A.2) 380 F.2d 993; United States v. Costello (C.A.2) 222 F.2d 656, cert. den. 350 U.S. 847, 76 S.Ct. 62, 100 L.Ed. 755. Further, the privilege against self-incrimination under the Federal Constitution extends to protection against prosecution for state crimes. Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678; Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906. Further, this information would appear to be available from other sources. The income of defendant should be obtainable from the income tax returns that he stated in his deposition he has filed. Whether conveyances have in fact been made should also be ascertainable from public records and from the records of banking institutions and the like. The privilege against self incrimination does not prohibit the introduction of incriminating matter; it merely forbids it to be obtained from the claimant. United States v. Murray (C.A.2) 297 F.2d 812, cert. den. 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794.

In agreement with this conclusion is State ex rel. North v. Kirtley, Mo. en banc, 327 S.W.2d 166, wherein it was held that it would violate the relator's privilege against self incrimination under Section 561.550 RSMo to require him to answer a question whether he owned certain realty in proceedings in aid of execution under Sections 513.-380–513.405 RSMo 1949. It was further held in that case that Section 491.080 RSMo, which purports to make any testimony in relation to possible fraudulent conveyances inadmissible "in any suit or prosecution against such person for any penalty for violation of any law in relation to fraudulent conveyance of property," was inadequate "in that it does not afford the protection against compulsory self-incrimination as contemplated by Art. I, § 19 of our Constitution" because it fell "short of rendering ineffectual the use of the witness' testimony as a means of discovering independent evidence on which a prosecution could be based." 327 S.W.2d at 170, 171. The Missouri Constitutional provision reads essentially the same as the Fifth Amendment to the Federal Constitution. The same reasoning would therefore apply with respect to the federal right against self-incrimination. Thus, the construction given by the Missouri Supreme Court en banc to Section 491.080 and to Section 561.550 is applicable in this Court with respect to supplemental proceedings. In supplemental proceedings in a federal district court, the procedure "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." Rule 69(a), F.R.Civ. P.; Weir v. United States (C.A. 8) 339 F.2d 82.

For the foregoing reasons, it is

Ordered that plaintiff's "application for order to compel answers to questions propounded on oral deposition" be, and it is hereby, denied.