**STATE of Missouri ex rel. Robert FALCONE, Relator,**

v.

**The Honorable Julian M. LEVITT, Judge of the Circuit Court of Jackson County, Missouri, Division Seventeen, Respondent.**

**No. KCD 30054.**

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Max W. Foust and E. Wayne Taff, of counsel: Morris, Foust & Beckett, Kansas City, for relator.

James R. Borthwick and William H. Sanders, Jr., of counsel: Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for respondent.

Before WASSERSTROM, P. J., SWOFFORD, C. J., and SHANGLER, DIXON, PRITCHARD, SOMERVILLE and TURNAGE, JJ.

PRITCHARD, Judge.

The underlying action is one to recover monies due from an insurance agent by American Fidelity Fire Insurance Company against F.I.C. Insurance Agency, Inc.; Falcone Companies, Inc.; and Robert Falcone, individually. [Case No. CV 76–0673 in the Circuit Court of Jackson County, Missouri.] During the course of the proceedings American filed interrogatories addressed to defendants "to be answered separately and fully in writing under oath by each defendant." After American's first motion to compel answers was sustained, Falcone, individually, refused to answer all the interrogatories "under the provisions of the Fifth Amendment of the United States Constitution on the grounds that my answer might tend to incriminate me." Upon American's further motion to compel answers to the interrogatories, or in the alternative, to strike defendants' pleadings, the court struck all of the pleadings including those of the individual defendant, Falcone. Falcone then applied for a writ of prohibition in this court alleging that the trial court was without authority to strike his pleadings for his failure to answer the interrogatories because such answers might incriminate him. The preliminary rule in prohibition issued in this court ordering respondent to give no further effect to his order striking the pleadings of personal defendant Robert Falcone, except that he might rescind it. That alternative was not accepted, so the parties have briefed and argued the issue.

The corporate defendants are not parties here, and nothing is presented as to the propriety of striking their pleadings—which is the final punitive action prior to entry of judgment against them. Falcone's individual status, as far as claiming the right against self-incrimination, is different from that of the corporate defendants, which have no privilege against self-incrimination. *Hale v. Henkel*, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906) (disapproved on other grounds in *Murphy v. Waterfront Comm. of New York Harbor*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678); *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). Nor does a person, acting in his official capacity as an agent or officer of an artificial entity, have a Fifth Amendment privilege against self-incrimination. Annotations, 52 A.L.R.3d 636; 48 L.Ed.2d 852.

Falcone does not seek any affirmative relief in the trial court which might justify the striking of his pleadings for failure to answer interrogatories. See *Franklin v. Franklin*, 365 Mo. 442, 283 S.W.2d 483, 486 (1955); *Geldback Transport, Inc. v. Delay*, 443 S.W.2d 120, 121 (Mo.1969). Falcone does, however, come within the protection of *State ex rel. Pulliam v. Swink*, 514 S.W.2d 559, 560 (Mo. banc 1974), making a writ of prohibition absolute where relator properly invoked his constitutional privilege. See also the there cited case of *State ex rel. North v. Kirtley*, 327 S.W.2d 166 (Mo. banc 1959). The parties should, however, note what was said in the *Pulliam* case, page 561[3], "Once the privilege has been invoked to preclude discovery, trial courts have the power not to allow the defendant to change his position and testify at trial to his benefit."

There was also a motion directed to all defendants, including Falcone, to produce specified corporate records. Falcone has no right to refuse to produce corporate documents which are in his possession and control. *Wilson v. United States*, supra, 31 S.Ct. 544, 546. The fact that Falcone may be or have been the sole shareholder of the corporate defendants does not cause the records sought to be produced to become personal to him. *Christianson v. United States*, 226 F.2d 646, 654 (8th Cir. 1955). And if the corporations have ceased to exist, and their records have been transferred to him personally, that does not create a privilege, *Wheeler v. United States*, 226 U.S. 478, 490, 33 S.Ct. 158, 57 L.Ed. 309 (1913), nor does the fact that the request to him to produce the documents was a personal one give rise to a privilege, *United States v. Greater New York Live Poultry Chamber of Commerce*, 34 F.2d 967 (D.C.N.Y.1929).

Although Falcone has a personal privilege against self-incrimination under the cases first above noted as would entitle him to have the preliminary rule in prohibition made absolute, that relief should be conditioned upon his producing the corporate records against which he has no privilege.

The preliminary rule in prohibition is made absolute on the following conditions: Upon receipt of the mandate from this court, respondent shall set a reasonable time within which plaintiff, American Fidelity Fire Insurance Company, may file an amended request directed to Falcone personally for the production of corporate documents. Falcone shall respond to the amended request within 20 days after service thereof upon him, unless within that time specific objections and reasons therefor shall be lodged with respondent, who, after rulings upon any objections, shall thereafter set a time for Falcone's response, all under Rule 58.01. Should Falcone persist in refusing to produce documents, his pleadings may be stricken, or respondent may apply other sanctions under Rule 61.01, in which event this conditional absolute preliminary rule in prohibition shall be deemed dissolved.