STATE ex rel. REALTY CONSULTANTS, INC., a Missouri corporation, and Raymond E. Rowland, Jr., Relators,

v.

The Honorable Robert G. DOWD, Judge, Circuit Court of the City of St. Louis, Respondent.

No. 72539.

Supreme Court of Missouri, En Banc.

Oct. 16, 1990.

John A. Kilo, H. Clay Billingsley, Christine L. Schoenecker, St. Louis, for relators.

David M. Dunee, James A. Bingley, St. Louis, for respondent.

HIGGINS, Judge.

Realty Consultants, Inc., a Missouri corporation, and Raymond E. Rowland, Jr.,

seek to prohibit Judge Dowd from requiring Rowland to provide oral testimony during an examination of judgment debtor. The question is whether Judge Dowd exceeded his jurisdiction in ordering that Relator Rowland be held in contempt for refusing to provide oral testimony during an examination of judgment debtor under the protections against self-incrimination afforded by the Missouri and United States Constitutions when summoned to appear in his capacity as a corporate officer. This Court issued a preliminary writ of prohibition; the ruling is now made absolute.

Realty Consultants, Inc., consented to entry of a judgment in favor of Fidelity and Deposit Company of Maryland in Fidelity's action against Realty and a codefendant. Subsequent execution and garnishment against Realty was returned unsatisfied.

On or about November 17, 1989, an Alias Order for Examination of Judgment Debtor was entered ordering Rowland to appear in the Circuit Court of the City of St. Louis to undergo an examination concerning the corporation's ability to satisfy the judgment in question. When Judge Dowd asked Rowland what business Realty conducted, Rowland declined to answer, asserting the protections of the Fifth Amendment. Judge Dowd held that Rowland's refusal to answer placed him in contempt of court.

■ The privilege against self-incrimination protects the person who claims it from *being required to answer a question that may disclose a material fact* that forms a necessary and essential link in a chain of testimony that would convict the party testifying of a possible related crime. *United States v. Smith*, 331 F.Supp. 1269, 1270 (W.D.Mo.1970). The privilege is available to a judgment debtor on an examination of judgment debtor proceeding. *State ex rel. Hudson v. Webber*, 600 S.W.2d 691, 692 (Mo.App.1980). Because the privilege is personal in nature, it does not apply to corporations. *State ex rel. Falcone v. Levitt*, 572 S.W.2d 252, 254 (Mo.App.1978).

Thus, corporate officers may be compelled to produce certain corporate documents in their possession despite a personal privilege against self-incrimination. *Id.* at 254.

■ The obligation to produce the records of the corporation, however, does not strip the corporate officer of his privilege against self-incrimination with respect to oral testimony. In *Curcio v. United States*, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957), the United States Supreme Court held that while a custodian of corporate records can be required to produce those documents, "he cannot lawfully be compelled ... to condemn himself by his own oral testimony." 354 U.S. at 123–24, 77 S.Ct. at 1149.

Respondent attempts to distinguish *Curcio* by comparing the facts at hand to those in *United States v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). *White* held that a union officer summoned only in his official capacity who wished to claim the privilege was nevertheless obligated to produce records of the organization. Respondent asserts the *White* case is on point because, as in the instant case, the person asserting the privilege was subpoenaed only in an official capacity. The distinction is without merit; *Curcio* did not turn on the capacity in which the witness was called. Rather, the nature of the testimony that Rowland was called upon to provide—oral testimony—is controlling here and Rowland is entitled to assert the privilege. *See* 81 Am.Jur.2d *Witnesses* § 33: "[A]n officer of a corporation or association does not lose the privilege against self-incrimination to which he is entitled as an individual, and he may therefore refuse to answer any question which tends to incriminate him as an individual, even though the question relates to corporate or association affairs."

Respondent relies also on *Rockwell International Corp. v. H. Wolfe Iron and Metal*, 576 F.Supp. 511 (W.D.Pa.1983). The issue in *Rockwell* was the availability of the privilege to corporate officers sued both in corporate and individual capacities

who did not wish to answer plaintiff's interrogatories. The court held that the defendants had to respond to interrogatories and deposition questions which related to company business, "based on information available through company records." *Rockwell* at 515. Unlike the defendants in *Rockwell*, Rowland was asked to respond to questions that required significantly more than identification of corporate records, which falls beyond the scope of the privilege. *Curcio*, 354 U.S. at 125, 77 S.Ct. at 1150. *Rockwell* turned on the absence of potentially incriminating information elicited by the interrogatories. *Rockwell* at 514. Rowland could easily be incriminated by a reply to the query concerning Realty's line of business; for example, if Realty were a cocaine distributor, Rowland's answer to that effect could put him at risk of criminal prosecution.

A person called upon to testify in his capacity as corporate officer has the same risk of self-incrimination as one called as an individual. In order to give full effect to the policies underlying the privilege, this Court holds that the privilege against self-incrimination applies to the oral testimony of a corporate officer called to testify in an official capacity.

Once a witness claims the privilege, a rebuttable presumption arises that his answer might tend to incriminate him. To rebut this presumption, the opposing party must demonstrate that the answer cannot possibly have a tendency to incriminate. *State ex rel. Anderson v. Hess*, 709 S.W.2d 526, 528 (Mo.App.1986). The judgment creditor failed to rebut this presumption. Respondent, therefore, acted in excess of his jurisdiction in ordering Relator Rowland to provide oral testimony, and the preliminary rule in prohibition is made absolute.

BLACKMAR, C.J., and ROBERTSON, COVINGTON, BILLINGS, and HOLSTEIN, JJ., concur.

RENDLEN, J., concurs in result.